KEVIN K. CHOLAKIAN (SBN: 103423)
kcholakian@cholakian.net
CHOLAKIAN & ASSOCIATES
A Professional Corporation
400 Oyster Point Blvd., Ste. 415
South San Francisco, CA 94080
Telephone: (650) 871-9544
Facsimile: (650) 871-9552

Attorney for Defendants
ERIC JOHNSON, in his official capacity, and
HOUSING AUTHORITY OF THE CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETTA JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>ERIC JOHNSON in his official capacity,<br>HOUSING AUTHORITY OF THE CITY OF<br>OAKLAND, and DOES 1–30, inclusive,<br><br>      Defendants. | **Case No.:** UNASSIGNED<br><br>**NOTICE OF REMOVAL OF ACTION<br>PURSUANT TO 28 U.S.C. § 1441(a)** |

**TO:** **United States District Court for the Northern District of California**

Clerk of the Court
Superior Court of California,
County of Alameda
Administrative Building, Department 25,
1221 Oak Street, Oakland, CA 94612

Attorney for Plaintiff
Andrew Wolff
Law Offices of Andrew Wolff, P.C.
1615 Broadway, 4th Floor
Oakland, CA 94612

    **PLEASE TAKE NOTICE** that on this day, **Case No. RG19011009** pending before the Alameda County Superior Court is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1331 and on behalf of the following Defendants: Eric Johnson and Housing Authority of the City of Oakland, hereinafter, collectively referred to as "Defendants." Pursuant to 28 U.S.C. § 1446, the undersigned attorney hereby presents the following facts to the Judges of the United States District Court for the Northern District of California.

///

## TIMELINESS OF REMOVAL

1.   On March 12, 2019, Plaintiff Etta Johnson filed a Complaint against Defendants. In her Complaint, Plaintiff alleges, among other things, that Defendants breached their legal duty to Plaintiff by serving her with a constitutionally deficient proposed termination notice and hearing decision; that Defendants failed to consider Plaintiff's exculpatory and mitigating evidence in their decision to terminate Plaintiff's Section 8 benefits; that the proposed termination notice failed to provide the nature of the alleged rental agreement violations, where or when they occurred and also failed to give a brief factual statement concerning the alleged violation; that the proposed termination notice failed to provide what specific eviction documentation Defendants desired to be produced by Plaintiff; and that Defendants have failed and refused to reinstate Plaintiff as a participant in good standing in the Section 8 Program. Based on this alleged conduct, Plaintiff asserts three causes of action, asserting that Defendants have (1) violated Plaintiff's rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983; and (2) violated Plaintiff's rights under the California Constitution pursuant to Article 1, § 7. Plaintiff's third cause of action seeks injunctive relief pursuant to Civil Code §§ 3333 and 3422 and Code of Civil Procedure §§ 526-527.

2.   On or about April 5, 2019, Plaintiff served a package upon Defendants by mail. The package, which included a Summons and Complaint as well as the other documents attached to this Notice of Removal as Exhibits A-E, constitutes the only process that has been received to date in connection with Plaintiff's state court case.

3.   This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days after service of the Summons and Complaint.

4.   Pursuant to 28 U.S.C. § 1446(a), Defendants note that no other process, pleadings, or order have been served upon them, other than Exhibits A-E attached hereto.

## BASIS OF REMOVAL JURISDICTION

5.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a).

6.   This action is one arising under the Constitution and laws of the United States, and it is therefore an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331. In order to remove a case under Section 1331, the federal question ordinarily must appear

on the face of a properly pleaded complaint. *See Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). Here, Plaintiff brings suit against Defendants under 42 U.S.C. § 1983 for the violation of her constitutional rights under the Fifth and Fourteenth Amendments for Due Process.

## NOTICE TO STATE COURT AND PLAINTIFFS

7. Counsel for Defendants certifies that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda, and promptly served on Plaintiff.

DATED: May 1, 2019

CHOLAKIAN & ASSOCIATES
A Professional Corporation


By  /s/   Kevin K. Cholakian
Kevin K. Cholakian, Esq.
Attorney for Defendants
ERIC JOHNSON, in his official capacity, and
HOUSING AUTHORITY OF THE CITY OF
OAKLAND

# EXHIBIT
# A

SUMMONS
(CITATION JUDICIAL)

RECEIVED

APR 23 2019

RISK MGMT OFFICE
OAKLAND HOUSING AUTHORITY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

MAR 14 2019

CLERK OF THE SUPERIOR COURT
By D. Dew
                              Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Eric Johnson in his official capacity, Housing Authority of The City of Oakland, and Does 1-30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Etta Johnson

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street
Oakland, CA 94612

| CASE NUMBER: |
| --- |
| RG19011009 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andrew Wolff SBN 195092, 1615 Broadway, 4th Floor, Oakland, CA 94612, 510-834-3300

DATE: MAR 14 2019
*(Fecha)*

Clerk, by _____ D.Dew , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Housing Authority of the City of Oakland

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Andrew Wolff (SBN 195092)
LAW OFFICES OF ANDREW WOLFF, P.C.
1615 Broadway, 4th Floor
Oakland, California 94612
Telephone: (510) 834-3300
Facsimile: (510) 834-3377

Attorneys for Plaintiff
Etta Johnson

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 4 2019

CLERK OF THE SUPERIOR COURT
By ___P. Dieu___
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| ETTA JOHNSON, | Case No.: RG19011009 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| ERIC JOHNSON in his official capacity, HOUSING AUTHORITY OF THE CITY OF OAKLAND, and DOES 1–30, inclusive, | |
| Defendants, | |

Plaintiff Etta Johnson ("Plaintiff") alleges as follows:

### GENERAL FACTUAL ALLEGATIONS

1. At all times herein relevant, Plaintiff was a competent adult United States citizen residing in the County of Alameda, California.

2. Plaintiff has at all times relevant been a participant in the federally funded Section 8 Housing Choice Voucher Program ("Section 8 Program") administered by defendant the Housing Authority of the City of Oakland ("Defendant") and funded by the United States Department of Housing and Urban Development ("HUD").

3. Defendant is a state chartered public housing agency that provides affordable housing in the City of Oakland. Defendant is responsible for operating the Section 8 Program which provides federal financial assistance to program participants in the City of Oakland, including

Complaint for Damages

Plaintiff. The Section 8 program was created pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. section 1437f(o), with its purpose being to subsidize the rents of low income individuals and to thereby provide them with decent and affordable places to live.

4. Defendant's range of responsibilities include but are not limited to payment of HUD funds to private landlords on behalf of Section 8 Program participants and the termination of Section 8 program participant vouchers.

5. Defendant Eric Johnson is the Executive Director of defendant the Housing Authority of the City of Oakland. Defendant Mr. Johnson, was at all times mentioned in this complaint, acting in the course and scope of his employment as Executive Director with Defendant. Defendant Mr. Johnson is responsible for the enactment and implementation of customs, practices, policies, procedures, rules and regulations of Defendant and for making final administrative decisions. At all times herein relevant, defendant Mr. Johnson was acting under color of state law.

6. Defendant is a public entity entitled to the protections of the Tort Claims Act, among other statutes. In bringing this action, Plaintiff has fully complied with Plaintiff's obligations under each applicable claims statute.

7. Defendants DOES 1-30 are individuals and/or business entities doing business in the County of Alameda and/or who are contracted to do work in the County of Alameda. Each and every defendant was, at all relevant times, the agents and/or employees of other defendants, and acted within the scope of said agency and/or employment. Plaintiff does not know the true names of defendants identified as DOES 1-30, but will seek leave to amend this complaint if and when Plaintiff discovers the identity of any of the defendants now sued under the fictitious names DOES 1-30.

8. In committing the acts complained of herein, each defendant acted as the authorized agent, employee, and/or representative of each other defendant. Each act of each defendant complained of herein was committed within the scope of said agency, employment, or other representation, and each act was ratified by each other defendant. Each defendant is liable, in whole or in part, for the damages and injuries suffered by Plaintiff.

9. This court is the proper court because defendants do business in its jurisdictional

area, and the damage to Plaintiff and the making of the contract providing Section 8 Program benefits to Plaintiff, which is the subject of this action, occurred within its jurisdictional area. A substantial part of the events giving rise to this action occurred in Alameda County.

10. All times material hereto, Defendant was legally responsible for administering the Section 8 Program in accordance with federal laws and regulations, including 24 C.F.R. §982.552 and 982.555.

11. On or about May 24, 2017, Defendant served a proposed termination of Section 8 Program benefits to Plaintiff. Attached as **Exhibit A** is a true and correct of the proposed termination.

12. On or about May 23, 2017, a hearing was held regarding Defendant's proposed decision terminate Plaintiff from the Section 8 Program. Defendant determined to terminate Plaintiff's participation for the stated reasons that Plaintiff had 1) failed to supply Defendant with required information; 2) committed serious violation of Plaintiff's rental agreement; and 3) been evicted for committing said violations. The hearing was conducted, and despite evidence offered by Petitioner to the contrary, Defendant determined to terminate Plaintiff from the Section 8 Program.

13. On or about June 7, 2016, an unlawful detainer suit had been filed against Plaintiff by Plaintiff's landlord. Plaintiff provided verbal notice to Defendant of the existence of this suit immediately upon becoming aware of it. After a considerable and lengthy negotiation, Plaintiff and Plaintiff's landlord entered into a settlement agreement on August 1, 2016, wherein Plaintiff's landlord agree to vacate the judgment against Plaintiff and admitted the rental agreement violating conduct Plaintiff was alleged in the suit to have committed never happened.

14. Plaintiff provided Defendant with a copy of the settlement agreement and requested that Defendant reverse its decision to terminate Plaintiff from the Section 8 Program, as the factual findings upon which Defendant had based its decision were severally contradicted by Plaintiff's evidence.

15. On or about June 7, 2017, Plaintiff received a written notice of decision from Defendant that Defendant had confirmed its prior decision to terminate Plaintiff's participation in the Section 8 Program. Attached as **Exhibit B** is a true and correct of the written notice of decision.

16. Plaintiff then requested executive review of the hearing officer's decision. On or about June 16, 2017, defendant Eric Johnson, in his capacity as Executive Director, sent a letter confirming Defendant's decision to terminate Plaintiff from the Section 8 Program. Mr. Johnson's decision was made without considering any of the mitigating evidence presented by Plaintiff. Attached as **Exhibit C** is a true and correct of Mr. Johnson's letter.

17. Plaintiff is informed and believes and thereon alleges that Plaintiff was subjected to a violation of her right to due process as provided in the fifth and fourteenth amendments to the U.S Constitution as a result of the practices, policies and customs of Defendant.

18. Plaintiff is informed and believes and thereon alleges that Defendant has a practice, policy, and/or procedure of failing to consider exculpatory and/or mitigating evidence provided by Section 8 Program participants in the termination and executive review of a participants Section 8 Program benefits.

19. Defendant's arbitrary and capricious practices and policies constitute a continuing violation of the below alleged violations of law.

20. Plaintiff is informed and believes and thereon alleges that defendant Mr. Johnson has implemented a practice, policy, and/or procedure of failing to consider exculpatory and/or mitigating evidence provided by Section 8 Program participants in the termination and executive review of a participants Section 8 Program benefits to infringe on Section 8 Program benefits constitutional rights.

21. The customs, practices and policies of defendant Mr. Johnson amounted to deliberate indifference to the rights of persons such as Plaintiff who are Section 8 Program participants.

22. In acting as is alleged in this complaint, defendant Mr. Johnson acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's federally protected rights.

23. As a direct and proximate result of Defendant's actions described in this complaint, Plaintiff suffered emotional distress, pain and suffering, discomfort, annoyance, over-payment of rent, loss of earnings, and out of pocket expenses due to Defendant's acts and omissions.

///
///

- 4 -

## FIRST CAUSE OF ACTION
## RIGHT TO DUE PROCESS OF LAW 42 U.S.C. §1983 FIFTH AND FOURTEENTH AMENDMENTS
### (Plaintiff vs. All Defendants)

24. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 23, as if the same were set out at length herein.

25. A 42 U.S.C. §1983 claim is recognized when any person acting under color of any statute, ordinance or regulation, deprives any citizen of the United States of any rights, privileges, or immunities secured by the Constitution and laws.

26. Defendants owed Plaintiff a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution to protect Plaintiff from being terminated from the Section 8 Program.

27. Participants in the Section 8 Program have a constitutionally protected property interest in their program benefits. *Nozzi v. Hous. Auth. of the City of Los Angeles* (9th Cir. 2015) 806 F.3d 1178, 1191.

28. Defendants proposed termination notice alleges that Plaintiff violated Section 8 Program obligations by committing serious and/or repeated violations of Plaintiff's rental agreement. Said proposed termination notice fails to provide any specific facts or events supporting the allegation that Plaintiff committed serious and/or repeated violations of Plaintiff's rental agreement. The proposed termination notice fails to provide the nature of the alleged rental agreement violations, where or when they occurred and also fails to give a brief factual statement concerning the alleged violation.

29. Defendants proposed termination alleges that Plaintiff violated Section 8 Program obligations by failing to provide certain eviction documentation. Said proposed termination notice fails to provide what specific eviction documentation Defendant desired to be produced by Plaintiff.

30. Defendants hearing decision upholds Plaintiff's termination from the Section 8 Program based on Plaintiff's failure to provide eviction-related documentation. Said hearing decision fails to provide whether the hearing officer was aware of his discretion under federal law and regulations, namely 24 C.F.R. §982.555 or if the hearing officer intended to uphold Plaintiff's termination on any other grounds, such as committing serious or repeated violations of

her rental agreement.

31. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall deprive any person of life, liberty, or property, with due process of law. Under the Due Process Clause of the Fourteenth Amendment and California law, Defendants, had a legal duty as administrators of the Section 8 Program for the City of Oakland, to utilize policies and procedures in the termination of Plaintiff's Section 8 Program benefits that considered Plaintiff's mitigating evidence and did not violate Plaintiff's constitutional rights. Defendants breached their legal duty to Plaintiff by serving Plaintiff with constitutionally deficient proposed termination notice and hearing decision.

32. Plaintiff is informed and believes and thereon alleges that defendant's hearing officer failed to consider Plaintiff's exculpatory and mitigating evidence Plaintiff provided to said hearing officer.

33. Plaintiff is informed and believes and thereon alleges that defendant Mr. Johnson failed to consider Plaintiff's mitigating evidence during his executive review of Plaintiff's termination from the Section 8 Program.

34. Defendants breaches of this legal duty caused Plaintiff to pay excessive rent, suffer out of pocket expenses, and emotional distress in an amount to be proven at trial. Defendants breaches were both actual and legal causes of Plaintiff's complained of damages.

35. Wherefore, Plaintiff prays for the damages stated below.

## SECOND CAUSE OF ACTION
## RIGHT TO DUE PROCESS OF LAW ARTICLE 1, §7 CALIFORNIA CONSTITUTION
### (Plaintiff vs. All Defendants)

36. Plaintiff re-alleges and incorporate into this cause of action the allegations of paragraphs 1 through 23, as if the same were set out at length herein.

37. The Due Process Clause of the California Constitution provides that a person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws.

38. Defendants owed Plaintiff a duty under the due process clause of the California Constitution to protect Plaintiff from being terminated from the Section 8 Program.

39. Participants in the Section 8 Program have a constitutionally protected property

- 6 -

interest in their program benefits. *Nozzi v. Hous. Auth. of the City of Los Angeles* (9th Cir. 2015) 806 F.3d 1178, 1191.

40. Defendants proposed termination notice alleges that Plaintiff violated Section 8 Program obligations by committing serious and/or repeated violations of Plaintiff's rental agreement. Said proposed termination notice fails to provide any specific facts or events supporting the allegation that Plaintiff committed serious and/or repeated violations of Plaintiff's rental agreement. The proposed termination notice fails to provide the nature of the alleged rental agreement violations, where or when they occurred and also fails to give a brief factual statement concerning the alleged violation.

41. Defendants proposed termination alleges that Plaintiff violated Section 8 Program obligations by failing to provide certain eviction documentation. Said proposed termination notice fails to provide what specific eviction documentation Defendant desired to be produced by Plaintiff.

42. Defendants hearing decision upholds Plaintiff's termination from the Section 8 Program based on Plaintiff's failure to provide eviction-related documentation. Said hearing decision fails to provide whether the hearing officer was aware of his discretion under federal law and regulations, namely 24 C.F.R. §982.555 or if the hearing officer intended to uphold Plaintiff's termination on any other grounds, such as committing serious or repeated violations of her rental agreement.

43. Under the Due Process Clause of the California Constitution and California law, Defendants, had a legal duty as administrators of the Section 8 Program for the City of Oakland, to utilize policies and procedures in the termination of Plaintiff's Section 8 Program benefits that did not violate Plaintiff's constitutional rights. Defendants breached their legal duty to Plaintiff by serving Plaintiff with constitutionally deficient proposed termination notice and hearing decision.

44. Plaintiff is informed and believes and thereon alleges that defendant's hearing officer failed to consider Plaintiff's exculpatory and mitigating evidence Plaintiff provided to said hearing officer.

45. Plaintiff is informed and believes and thereon alleges that defendant Mr. Johnson

Complaint for Damages

failed to consider Plaintiff's mitigating evidence during his executive review of Plaintiff's termination from the Section 8 Program.

46. Defendants breaches of this legal duty caused Plaintiff to pay excessive rent, suffer out of pocket expenses, and emotional distress in an amount to be proven at trial. Defendants breaches were both actual and legal causes of Plaintiff's complained of damages.

47. Wherefore, Plaintiff prays for the damages stated below.

### THIRD CAUSE OF ACTION
### INJUNCTIVE RELIEF - CIVIL CODE § 3333 and 3422; CODE OF CIVIL PROCEDURE § 526-527;
### (Plaintiff v. All Defendants)

48. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 47, as if the same were set out at length herein.

49. A real and immediate difference exists between Plaintiff and Defendants regarding Plaintiff's rights and participation in the Section 8 Program and Defendants duty owed to Plaintiff in Defendants administration of the Section 8 Program. Defendants customs, policies and actions have resulted and will result in irreparable to Plaintiff. There is no plain, adequate or complete remedy at law to address the wrongs described herein.

50. Defendants have failed and refused to reinstate Plaintiff as a participant in good standing in the Section 8 Program despite Plaintiff's contractual, statutory and constitutional right to the same.

51. An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to do so. Plaintiff claims that these acts are contrary to law

52. Defendants wrongful conduct is continuing, and, unless and until enjoined and restrained by order of this Court, will cause great and irreparable harm to Plaintiff.

53. If Defendants conduct continues into the future, Plaintiff will be forced to institute a multiplicity of lawsuits to obtain adequate compensation for the damages Plaintiff has suffered. Plaintiff therefore requests a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and each of them, their agents, servants, employees, successors, assigns and all persons acting under, in concert with, or for them, as

- 8 -

follows: to immediately restore Plaintiff as a participant in good standing in the Section 8 Program.

54. Wherefore Plaintiff prays for the damages stated below.

## CLAIM FOR EXEMPLARY DAMAGES
### (Plaintiff v. Defendant Eric Johnson)

55. Plaintiff re-alleges and incorporate into this cause of action the allegations of paragraphs 1 through 35, as if the same were set out at length herein.

56. Defendant Mr. Johnson intentionally violated Plaintiff's rights due to Plaintiff enforcing her rights as a Section 8 Program participant.

57. Defendant Mr. Johnson's actions were willful and done in conscious disregard of Plaintiff's rights. Such willful and conscious disregard for Plaintiff's rights justifies an award of punitive damages as such conduct was oppressive and malicious as defined by Civil Code 3294. Based on information and belief, defendant Mr. Johnson's willful failure to consider Plaintiff's exculpatory and mitigating evidence merits an award of substantial punitive damages against defendant Mr. Johnson. Defendant Mr. Johnson knew or should have known that his intentional failure to consider Plaintiff's mitigating evidence during his executive review of Plaintiff's termination from the Section 8 Program posed a substantial risk of harm to Plaintiff. Defendant Mr. Johnson's actions arose to despicable conduct carried out by Mr. Johnson with willful and conscious disregard of the constitutional rights of others including Plaintiff.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows as to all Defendants:

A. For general damages in the amount of $100,000.00, or according to proof, for each cause of action;

B. For special damages in the amount of $100,000.00, or according to proof, for each cause of action;

C. For compensatory damages for losses resulting from humiliation, mental anguish, frustration, annoyance and emotional distress in the amount of $100,000.00, or according to proof;

D. For incidental expenses, past, present and future;

E. For interest on the amount of losses incurred at the prevailing legal rate;

- 9 -

F. For attorney's fees according to statute, in the amount of $100,000.00, 42 U.S.C. §1988(b);

G. For costs of suit incurred herein;

H. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and each of them, their agents, servants, employees, successors, assigns and all persons acting under, in concert with, or for them, to immediately reinstate Plaintiff's participation into the Section 8 Program;

I. For punitive and exemplary damages according to statute and according to proof, to be determined at trial; and

J. For such other and further relief which this Court deems just and proper.

**LAW OFFICES OF ANDREW WOLFF, P.C.**

Dated: 3/12/19

_____
Andrew Wolff, Attorney for Plaintiff

Complaint for Damages

**EXHIBIT A**



**OAKLAND HOUSING AUTHORITY**

## PROPOSED TERMINATION OF SECTION 8 ASSISTANCE NOTICE

Date: April 24, 2017
Etta Johnson
~~[redacted]~~
~~[redacted]~~

Client #: 428892
Team: Program Compliance
Rep.: S. Garay

*Your housing assistance is proposed for termination because you or a household member may have committed one or more of the following violations:*

| | | |
|---|---|---|
| __X__ | a) | Failed to supply the Housing Authority with required information. CFR 982.552(c)(1)(i), 982.551(b) |
| _____ | b) | Owe rent or other monies to any Housing Authority. CFR 982.552(c)(v) |
| _____ | c) | Did not meet the terms of your repayment plan. CFR 982.552(c)(vii) |
| _____ | d) | Committed fraud, bribery or any other corrupt or criminal act in conjunction with the program. CFR 982.552(c)(iv) |
| _____ | e) | Engaged in drug-related or violent criminal activity. CFR 982.552(c)(i), 982.551(l) |
| _____ | f) | Failed to comply with Housing Quality Standards (HQS) requirements. CFR 982.552(c)(i), 982.551(c) |
| _____ | g) | Did not allow an HQS inspection by failing to meet Housing Authority scheduling guidelines. CFR 982.552(c)(i), 982.551(d) |
| _____ | h) | Did not properly notify the Housing Authority and/or owner before moving from your unit. CFR 982.552(c)(i), 982.551(f) |
| _____ | i) | Did not meet the requirements for reporting changes in household composition. CFR 982.552(c)(i), 982.551(h)(2)(3) |
| __X__ | j) | Committed serious and/or repeated violations of your lease. CFR 982.552(c)(1)(i), 982.551(e) |
| _____ | k) | Have an ownership interest in your unit. CFR 982.552(c)(i), 982.55(j) |
| _____ | l) | Have not had a housing assistance payment made on your behalf in 180 days. CFR 982.455 |
| _____ | m) | Requested that your assistance be terminated. |
| _____ | n) | Failure to maintain utility service. CFR 982.404(b)(i) |
| __X__ | o) | Failed to supply the Housing Authority with required eviction notice. CFR982.552(c)(1)(i), 982.551(g) |
| __X__ | p) | Evicted for serious or repeated violations of the lease. CFR 982.552(b)(2) |

Explanation:
You violated the Family Obligations by committing serious and/or repeated violations of your lease agreement, failing to submit the eviction notices within 5 days, and failing to provide additional information necessary to administer the Section 8 Program.

Per the Eviction Restoration Notice dated 1/19/17, for the Unlawful Detainer case #RG16818543, you were evicted from your unit effective 1/19/17.

You failed to submit the following eviction notices to OHA within 5 days: Unlawful Detainer for case #RG16818543, and the corresponding Summons and Writ of Possession. On 2/9/2017, you were requested to submit the Unlawful Detainer and all other eviction documentation at the meeting scheduled on 2/21/2017. You failed to submit these requested documents. On 3/15/2017 you were again requested to submit a copy of the Unlawful Detainer by 3/29/2017. You did not submit a copy of this eviction notice as required by the Participant Obligations.

# EXHIBIT B



**Oakland Housing Authority**

# NOTICE OF DECISION
# IN THE MATTER OF THE TERMINATION FROM SECTION 8 PROGRAM

# ETTA JOHNSON

### Oakland Housing Authority Client #428892

An Informal Hearing was held on Tuesday, May 23, 2017 regarding the Housing Authority's proposed decision to terminate Ms. Etta Johnson from the Section 8 Program for the following reason(s):

1. Failed to supply the Housing Authority with required information. CFR 982.552(c) (1) (I)

2. Committed serious and/or repeated violations of your lease. CFR 982.552(c) (1) (I)

3. Evicted for serious or repeated violations of the lease. CFR 982.552(b) (2)

Present at the Hearing was Etta Johnson, Participant; Sajida Garay, Housing Assistance Representative; Krinzia Lopez, Housing Assistance Manager; and Darryl Moore, Hearing Officer.

## SUMMARY OF EVIDENCE/TESTIMONY

**OHA:**
Ms. Garay, a representative of OHA testified that Ms. Johnson violated her Family Obligation by committing serious and/or repeated violations of her lease agreement; also she failed to submit the eviction notices within 5 days, and failing to provide additional information necessary to administer the Section 8 Program.

Furthermore, Ms. Johnson was evicted from her unit effective January 19, 2017. Ms. Johnson failed to submit the following eviction notices to OHA with 5 days: Unlawful Detainer for case #RG16818543, and the corresponding Summons and Writ of Possession.

On February 9, 2017, Ms. Johnson was requested to submit the Unlawful Detainer and all other eviction documentation at a meeting scheduled on February 21, 2017. She failed to submit these requested documents. On March 15, 2017, Ms. Johnson was again requested to submit a copy of the Unlawful Detainer, but failed to do so. Failure to do so was a violation of the Participant Obligation.

1

1) Exhibit #1          4/24/17 Request for Informal Hearing

2) Exhibit #2          4/24/17 Proposed Termination of Section 8 Assistance Notice

3) Exhibit #3          CFR 982.552 PHA denial of termination of assistance for family

4) Exhibit #4          OHA Admin. Plan, page 12-2: Mandatory Termination of
                       Assistance

5) Exhibit #5          OHA Admin. Plan, Page 12-5: Other Authorized Reasons for
                       Termination of Assistance

6) Exhibit #6          CFR 982.551 Obligations of Participation

7) Exhibit #7          OHA Admin. Plan – Family Obligations (7 pages)

8) Exhibit #8          5/24/2014 Lease Agreement

9) Exhibit #9          2/3/2015 Lease Violation Notice

10) Exhibit #10        6/30/2015 Notice to Cease

11) Exhibit #11        2/29/2016 Ninety Day Notice of Termination of Tenancy

12) Exhibit #12        3/15/2016 Community Incident Report

**Participants:**
Ms. Johnson testified that she was a good resident and that folks in her building, including
her daughter, made false allegations about her to the apartment management which lead to
her eviction. She also claimed that the Property Manager was corrupt and was out to get
her, as well, and that the Property Manager conspired with residents in the building to get
her evicted.

Most of Ms. Johnson's testimony was not germane to the Informal Hearing. She brought
up many issues that had occurred in the past or simply was not relevant to the issues that
she was facing related to her possible termination.


**HEARING DECISION**
Based on the clear evidence presented at the Informal Hearing by Ms. Garay it is clear that
Ms. Etta Johnson was evicted from her residential unit and that she failed to notify the
Oakland Housing Authority of her eviction.

During her testimony, Ms. Johnson never offered a reason as to why she did not notify the
Authority that she was facing eviction from her subsidized residential unit.

Therefore, upon review of the evidence presented in the hearing, it is determined that the
preponderance of evidence does support the Housing Authority's decision to terminate Ms.

2

Etta Johnson from the Section 8 Program. It is determined that the Oakland Housing Authority's decision to terminate Ms. Johnson's from OHA Housing Programs is **UPHELD.**

The Housing Authority's decision is now final. If you disagree with this decision, you may request a review by the Executive Director or his designee. You may do so by calling Cynthia Taylor, Administrative Assistant at (510) 587-2113. **You must call within 20 calendar days of the date or postmark (whichever is later) of this decision.** The time within which judicial review of this decision must be sought is governed by the Code of Civil Procedures section 1094.6

Oakland Housing Authority Hearing Officer: *Darryl Moore*

Darryl Moore, Hearing Officer

Decision Date: <u>Wednesday, June 07, 2017</u>

**EXHIBIT C**



**Oakland Housing Authority**

June 16, 2017

Etta Johnson
P.O. Box 71072
Oakland, CA 94612

Re: Executive Review request/Client # 428892

Dear Ms. Johnson,

I am in receipt of your request for an Executive Review and rescission of the decision to terminate your participation in the Housing Choice Voucher program. I have reviewed your request, the hearing packet, and the hearing officer's decision.

I find that you violated the following program rules and obligations:

1. Failed to supply the Housing Authority with the required information. CFR 982.552 (c) (1) (I)
2. Committed serious and repeated violations of your lease. CFR 982.552 (c) (1) (I)
3. Evicted for serious and repeated violations of the lease. CFR 982.552 (b) (2)

Therefore, I **uphold** the termination of your Housing Choice Voucher program participation.

This is the final administrative review available at the Oakland Housing Authority. Pursuant to the California Code of Civil Procedures, Section 1094.6 you have the right to appeal this determination in Superior Court within ninety (90) days from the date of this letter.

Sincerely,

Eric Johnson
Executive Director

# EXHIBIT
# B

Law Offices of Andrew Wolff, PC
Attn: Wolff, Andrew
1615 Broadway,
4th Floor
Oakland, CA  94612____

# Superior Court of California, County of Alameda

| | |
|---|---|
| Johnson<br><br>                Plaintiff/Petitioner(s)<br>VS.<br><br>Johnson<br>              Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG19011009<br><br>NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER<br>Unlimited Jurisdiction |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 07/30/2019<br>Time: 09:00 AM | Department: 25<br>    Location: **Administration Building**<br>          **1221 Oak Street, Oakland  CA  94612**<br><br>    Internet: **www.alameda.courts.ca.gov** | Judge: **Ronni MacLaren**<br>Clerk: **Pamela Greene**<br>Clerk telephone: **(510) 267-6941**<br>E-mail:<br>Dept25@alameda.courts.ca.gov<br>Fax: **(510) 891-5346** |

### ORDERS

1. **Plaintiff** must:

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant** must respond as stated on the summons.

3. **All parties who have appeared before the date of the conference must:**

   a. Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. File and serve a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. Post jury fees as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/20/2019.

By _____
                        Deputy Clerk



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/courts/adr.shtml

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts. identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:　　　　　　　　　FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. **An Initial Case Management Conference is scheduled for**

   Date:　　　　　　　　　　　Time:　　　　　　　　　　　Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation　　　☐ Judicial arbitration

   ☐ Private mediation　　☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____　▶　_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF)

Date:

_____　▶　_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Provisionally Approved <br> for Mandatory Use <br> ALA ADR-001[New February, 2009] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** (Cal. Rules of Court, rule 3.221(a)(4).)

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
            (TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
            (TYPE OR PRINT NAME)                            (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Provisionally Approved
for Mandatory Use
ALA ADR-001 [New February, 2009]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

(Cal. Rules of Court,
rule 3.221(a)(4).)

# EXHIBIT
# C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Andrew Wolff, SBN 195092<br>Law Offices of Andrew Wolff, PC<br>1615 Broadway, 4th Floor<br>Oakland, CA 94612 | 510-834-3300 | |

ATTORNEY FOR *(name)*: Plaintiff: Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS: 1225 Fallon Street

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF: Johnson

DEFENDANT: Johnson, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER<br>RG19011009 |
|---|---|

To *(name of one defendant only)*: Housing Authority of the City of Oakland

Plaintiff *(name of one plaintiff only)*: Etta Johnson

seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. ☑ Pain, suffering, and inconvenience | | $ 50.000,00 |
| b. ☑ Emotional distress. | | $ 50.000,00 |
| c. ☐ Loss of consortium | | $ |
| d. ☐ Loss of society and companionship *(wrongful death actions only)* | | $ |
| e. ☐ Other *(specify)* | | $ |
| f. ☐ Other *(specify)* | | $ |
| g. ☐ Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. ☑ Medical expenses *(to date)* | | $ 50.000,00 |
| b. ☑ Future medical expenses *(present value)* | | $ 50.000,00 |
| c. ☑ Loss of earnings *(to date)* | | $ 50.000,00 |
| d. ☑ Loss of future earning capacity *(present value)* | | $ 50.000,00 |
| e. ☑ Property damage | | $ 50.000,00 |
| f. ☐ Funeral expenses *(wrongful death actions only)* | | $ |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* | | $ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* | | $ |
| i. ☑ Other *(specify)* Attorney fees per statute and lease | | $ 50.000,00 |
| j. ☑ Other *(specify)* Contract damages | | $ 50.000,00 |
| k. ☐ Continued on Attachment 2.k. | | |

3. ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 50.000,00
when pursuing a judgment in the suit filed against you

Date: 3-27-19

Andrew Wolff

(TYPE OR PRINT NAME)      ▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY ( OR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

EXHIBIT

D

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO.<br>510-834-3300 | FOR COURT USE ONLY |
|---|---|---|
| Andrew Wolff, SBN 195092<br>Law Offices of Andrew Wolff, PC<br>1615 Broadway, 4th Floor<br>Oakland, CA 94612<br>ATTORNEY FOR *(name):* Plaintiff: Johnson | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME  Rene C. Davidson Courthouse

PLAINTIFF: Johnson
DEFENDANT: Johnson, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RG19011009 |
|---|---|

To *(name of one defendant only):* Eric Johnson in his official capacity
Plaintiff *(name of one plaintiff only):* Etta Johnson
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
a. [✓] Pain, suffering, and inconvenience ................................................ $ 50,000.00
b. [✓] Emotional distress. ...................................................................... $ 50,000.00
c. [ ] Loss of consortium ...................................................................... $ _____
d. [ ] Loss of society and companionship *(wrongful death actions only)* ... $ _____
e. [ ] Other *(specify)* .......................................................................... $ _____
f. [ ] Other *(specify)* .......................................................................... $ _____
g. [ ] Continued on Attachment 1.g.

**2. Special damages**
a. [✓] Medical expenses *(to date)* ........................................................ $ 50,000.00
b. [✓] Future medical expenses *(present value)* ................................... $ 50,000.00
c. [✓] Loss of earnings *(to date)* ......................................................... $ 50,000.00
d. [✓] Loss of future earning capacity *(present value)* .......................... $ 50,000.00
e. [✓] Property damage ....................................................................... $ 50,000.00
f. [ ] Funeral expenses *(wrongful death actions only)* .......................... $ _____
g. [ ] Future contributions *(present value)* *(wrongful death actions only)* ... $ _____
h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
i. [✓] Other *(specify)* Attorney fees per statute and lease $ 50,000.00
j. [✓] Other *(specify)* Contract damages $ 50,000.00
k. [ ] Continued on Attachment 2.k.

**3.** [✓] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 50,000.00
    when pursuing a judgment in the suit filed against you.

Date: 3-27-19
Andrew Wolff
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                     Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

# EXHIBIT
# E

1 | Andrew Wolff, Esq. (SBN 195092)
Tony Ruch, Esq. (SBN 242717)
2 | Wortham Briscoe, Esq. (SBN 303359)
LAW OFFICES OF ANDREW WOLFF, PC
3 | 1615 Broadway, 4th Floor
Oakland, California 94612
4 | (510) 834-3300

5

6 | Attorneys for Plaintiff
Etta Johnson
7

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10 | UNLIMITED JURISDICTION

11 | ETTA JOHNSON,                          Case No.: RG19011009

12 |            Plaintiffs,

13 |                                        NOTICE OF INTENT TO SEEK
                                            PUNITIVE DAMAGES
14 | vs.

15

16 | ERIC JOHNSON in his official
capacity, HOUSING AUTHORITY
17 | OF THE CITY OF OAKLAND, and
DOES 1-30, inclusive.
18 |            Defendants.

19 | NOTICE TO ERIC JOHNSON in his official capacity, HOUSING AUTHORITY OF THE CITY

20 | OF OAKLAND, and DOES 1-30:

21 |     Plaintiff ETTA JOHNSON, reserves the right to seek $100,000.00 in punitive damages

22 | against you and each of you when Plaintiff seeks a judgment in the suit filed against you.

23

24 | Dated: March 27, 2019              LAW OFFICES OF ANDREW WOLFF, PC

25

26 |                                    ANDREW WOLFF, ESQ.
                                       Attorney for Plaintiff
27 |                                    Johnson

28

| | |
|---|---|
| _**Etta Johnson v. Eric Johnson, in his official capacity, Housing Authority of the City of Oakland, et al.**_ | **USDC – Northern District of California**<br>**Case. No: UNASSIGNED** |

## <u>CERTIFICATE OF SERVICE</u>

     I, the undersigned, hereby certify that on May 2, 2019, I electronically filed the foregoing document with the United States District Court, Northern District of California by using the CM/ECF System. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF System.

Andrew Wolff, Esq. (SBN: 195092)      _**Attorney for Plaintiff**_
LAW OFFICES OF ANDREW WOLFF, P.C.  Etta Johnson
1615 Broadway, 4th Floor
Oakland, CA 94612
Telephone: (510) 834-3300
Facsimile: (510) 834-3377
Email: andrew@awolfflaw.com


                     /s/ Heather Del Valle_____
                     _**Heather Del Valle**_